UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH C. SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>ANGELICA CORPORATION, et al.,<br><br>    Defendants. | Case No. 20-cv-01968-PJH<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 44 |

Plaintiff's motion to remand came on for hearing before this court on October 7, 2021. Plaintiff appeared through his counsel, William Pao. Defendant appeared through its counsel, Christopher Alvarez. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby **DENIES** the motion for the following reasons.

On February 18, 2020, plaintiff filed a class action suit against defendant in the Superior Court of the County of Alameda. Dkt. No. 1-2 at 4–30. Plaintiff purported to represent four classes: (1) the Hourly Employee class; (2) the Vacation Pay class; (3) the Unfair Competition Law class; and (4) the Expense Reimbursement class. Id. at 7, ¶ 12. Plaintiff also purported to represent four subclasses of the Hourly Employee class: (1) the Rest Period subclass; (2) the Waiting Time Penalties subclass; (3) the Wage Statement Penalties subclass; and (4) the Meal Period subclass. Id. Plaintiff has since filed an amended complaint where he has dropped the Vacation Pay and Expense Reimbursement classes, but the court focuses on the operative complaint at the time of removal. See Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 794 (9th

1   Cir. 2018) (noting that the court assesses the amount in controversy at the time of
2   removal).
3         On March 20, 2020, defendant removed this case to federal court pursuant to the
4   Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453 ("CAFA "). Dkt. No. 1. In its
5   Notice of Removal, defendant asserted that the amount in controversy was $12,327,562
6   based on its calculations for the Rest Period, Waiting Time Penalties, and Wage
7   Statement Penalties subclasses and attorneys' fees. Id. at ¶¶ 31–36. Defendant's
8   calculations presumed a 100% violation rate for the Rest-Period, the Waiting Time
9   Penalties, and the Wage Statement Penalties subclasses, and presumed the maximum
10  penalties available for the Wage Statement Penalties subclass. Id. Defendant supported
11  its calculations with a declaration from its Vice President of Human Resources who
12  identified the number of employees in the relevant classes. Dkt. No. 1-3, ¶¶ 2–5.
13  Defendant provided no other evidence.
14        On December 20, 2020, the parties participated in a mediation where plaintiff
15  made a settlement demand of $21 million. Dkt. No. 45-1, ¶ 2. On June 29, 2021, plaintiff
16  made a reduced settlement demand of $10 million. Id., ¶ 3. Plaintiff now brings this
17  motion to remand, arguing that defendant failed to meet its burden to show that the
18  amount in controversy exceeds CAFA's $ 5 million requirement. Dkt. No. 44. In
19  response, defendant provided a more conservative estimate for the amount in
20  controversy, $7,908,397.60. Dkt. No. 45 at 21–23. Defendant included in its calculations
21  classes and subclasses from the complaint that were not factored in its original amount in
22  controversy. Id. at 21–23. But defendant reduced the violation rate to 50% for the Rest-
23  Period, the Waiting Time Penalties, and the Meal Period subclasses, and did not seek
24  maximum penalties for the Wage Statement Penalties subclass. Id. at 20–21. Defendant
25  also reduced attorneys' fees from twenty-five percent to ten percent. Id. at 21. And
26  defendant provided a nearly identical declaration from its Vice President of Human
27  Resources. Dkt. No. 45-2.
28        Removal is proper where a federal court has original jurisdiction over an action

1  brought in state court. 28 U.S.C. § 1441(a). CAFA "gives federal courts jurisdiction over
2  certain class actions, defined in § 1332(d)(1), if the class has more than 100 members,
3  the parties are minimally diverse, and the amount in controversy exceeds $5 million."
4  Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 552 (2014). Under
5  CAFA, the burden of establishing removal jurisdiction remains on the proponent of
6  federal jurisdiction. See Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 686 (9th Cir.
7  2006). The parties agree that the only issue is whether defendant has met its burden to
8  show that CAFA's $5 million amount in controversy requirement has been met.

9        An amount in controversy "reflects the *maximum* recovery the plaintiff could
10 reasonably recover." Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir.
11 2019). When a plaintiff challenges a defendant's amount in controversy assertion, "both
12 sides submit proof and the court decides, by a preponderance of the evidence, whether
13 the amount-in-controversy requirement has been satisfied." Id. at 925 (internal quotation
14 marks omitted). A court may consider a settlement demand as "relevant evidence of the
15 amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's
16 claim." Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1069 (9th Cir. 2021)
17 (quoting Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)).

18       Defendant's initial calculations in its Notice of Removal were speculative and not
19 based on reasonable assumptions. Plaintiff's complaint does not expressly allege or infer
20 that every class member would qualify for every subclass or would qualify for every claim
21 within a subclass. In other words, nothing in the complaint supports a calculation where
22 there is a 100% violation rate for the Rest Period, the Waiting Time Penalties, and the
23 Wage Statement Penalties subclasses. See Harris v. KM Indus., Inc., 980 F.3d 694, 701
24 (9th Cir. 2020) (finding the defendant did not carry its burden because it presumed that *all*
25 the class members were members of the alleged subclasses). Likewise, defendant
26 cannot support its presumption that all the members of the Wage Statement Penalties
27 subclass would qualify for the maximum statutory penalties because the complaint
28 contains no such allegations and defendant's declarations only speak to class size and

1  class periods.  See Dkt. Nos. 1-3, 45-2.

2        Nonetheless, plaintiff made two settlement demands that exceed the $5 million
3  CAFA requirement.  Contrary to plaintiff's assertions, the court may consider these
4  settlement demands notwithstanding the mediation privilege under California Evidence
5  Code § 1119.  Under Federal Rule of Evidence 501, "privileges provided by state law
6  apply in civil actions only with respect to an element of a claim or defense as to which
7  State law supplies the rule of decision."  Babasa v. LensCrafters, Inc., 498 F.3d 972, 974
8  (9th Cir. 2007) (internal quotation marks omitted).  Thus, even if the California mediation
9  privilege applied to settlement demands, the court would not be precluded from
10  considering them for purposes of determining its subject matter jurisdiction.

11        Plaintiff made a settlement demand of $21 million in December 2020 followed by a
12  $10 million settlement demand in June 2021.  Dkt. No. 45-1, ¶¶ 2–3.  Plaintiff does not
13  dispute that those demands were reasonable estimates of his claims.  See Cohn, 281
14  F.3d at 840 (noting plaintiff "could have argued that the demand was inflated and not an
15  honest assessment of damages, but he made no attempt to disavow his letter or offer
16  contrary evidence").  Indeed, plaintiff would have a particularly difficult time taking this
17  position when he made his reduced settlement demand only two months before he filed
18  this motion.  Dkt. No. 45-1, ¶ 3.  Defendant's reduced amount in controversy, while
19  speculative, is not based on a 100% violation rate, and the amount is more than $2
20  million less than plaintiff's reduced settlement demand.  Taken together, the court finds
21  that plaintiff's settlement demands along with defendant's reduced amount in controversy
22  calculations establishes that the $5 million CAFA threshold has been met.  Accordingly,
23  plaintiff's motion to remand is DENIED.

24        Plaintiff's request for limited discovery to investigate defendant's calculations is
25  similarly DENIED.  A court may grant discovery to assist it in determining whether it has
26  subject matter jurisdiction.  See Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d
27  406, 430 n.24 (9th Cir. 1977).  A court's denial of discovery is appropriate unless
28  discovery "would create a reasonable probability that the outcome of the factual motion []

would be different." Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) (internal quotation marks omitted). Defendant's calculations were only a minor consideration in the court's analysis of subject matter jurisdiction. Accordingly, more information on defendant's calculations would not change the court's ruling on plaintiff's motion to remand.

## CONCLUSION

For the reasons stated above, the court **DENIES** plaintiff's motion to remand and **DENIES** his request for discovery.

**IT IS SO ORDERED.**

Dated: October 27, 2021

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge