UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH C. SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>ANGELICA CORPORATION, et al.,<br><br>  Defendants. | Case No. 20-cv-01968-PJH<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 52 |

Before the court is plaintiff's motion to file a second amended complaint.[1] The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for April 7, 2022, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

Plaintiff seeks leave to amend his complaint in the following ways: (1) to correct the pleadings to name "9W Halo Western OPCO L.P. dba Angelica" rather than the entities currently named, "Angelica Corporation" and "Angelica Textile Services, Inc.," (2) to add KKR & Co., Inc. ("KKR") as a defendant, and (3) to add a Private Attorney's General Act ("PAGA") claim against KKR.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a plaintiff may amend his complaint with consent of the opposing party or with the court's leave. The court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is thus ordinarily granted unless there is evidence of "undue delay, bad faith or dilatory

---

[1] Plaintiff also sought leave to file a third amended complaint in his motion for leave but withdrew this request in his reply.

1  motive on the part of the movant, repeated failure to cure deficiencies by amendments
2  previously allowed, undue prejudice to the opposing party by virtue of allowance of the
3  amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962)
4  (internal quotation marks omitted). The most "crucial factor is the resulting prejudice to
5  the opposing party." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). The
6  "party opposing amendment bears the burden of showing prejudice." Eminence Capital,
7  LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotation marks
8  omitted).

9    The parties agree plaintiff's first proposed amendment is permissible, and the
10 court approves. The court further finds plaintiff's second proposed amendment
11 permissible. Plaintiff learned that KKR was financially entangled with defendant during
12 informal mediation proceedings but did not add KKR as a party because defendant
13 allegedly stated it would not continue with the proceedings if KKR was added as a party.
14 After mediation proceedings failed and upon learning that KKR may have acquired
15 defendant and sold off defendant's assets, plaintiff sought leave from the court to add
16 KKR as a defendant. As such, there is no evidence that plaintiff's decision to add KKR
17 as a party was done in bad faith to increase litigation costs, as defendant suggests. Nor
18 is there evidence of undue delay, as plaintiff sought to add KKR as a party as soon as
19 informal mediation proceedings closed. More importantly, defendant will not suffer
20 prejudice because plaintiff's claims against KKR involve the same conduct previously
21 alleged against it. In other words, defendant's fear of being subjected to additional
22 discovery is unfounded.

23    The court also finds plaintiff's third proposed amendment permissible.
24 Defendant's only argument against this amendment is that plaintiff's PAGA claim against
25 KKR is futile. A "proposed amendment is futile only if no set of facts can be proved under
26 the amendment to the pleadings that would constitute a valid and sufficient claim[.]"
27 Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (internal citations omitted).
28 The court will evaluate challenges to this claim when and if raised by the newly added

defendant.

Finally, defendant argues leave should be denied because plaintiff has previously amended his complaint. But this is not a case where plaintiff has been given multiple opportunities to amend his complaint and failed to correct prior deficiencies. See Delacruz v. State Bar of California, No. 16-CV-06858-BLF, 2018 WL 3077750, at *18 (N.D. Cal. Mar. 12, 2018). Plaintiff amended his complaint only once to raise a PAGA claim against defendant. Now plaintiff seeks leave to amend his complaint for entirely different reasons. Plaintiff is not repeatedly trying to correct his claims and failing to do so. Accordingly, this is not a sufficient basis to deny plaintiff's motion.

## CONCLUSION

The court GRANTS plaintiff's motion for leave to amend and instructs plaintiff to submit only a second amended complaint that includes all his proposed amendments.

**IT IS SO ORDERED.**

Dated: April 6, 2022

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge