UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH C. SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>9W HALO WESTERN OPCO L.P., et al.,<br><br>    Defendants. | Case No. 20-cv-01968-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS DEFENDANTS 9W HALO OPCO L.P., 9W HALO GP LLC, AND 9W HALO INTERMEDIATE HOLDINGS L.P.**<br><br>Re: Dkt. No. 108 |

Before the court is a motion to dismiss defendants 9W Halo OpCo L.P., 9W Halo GP LLC, and 9W Halo Intermediate Holdings, L.P.  The matter is fully briefed and suitable for decision without oral argument.  Accordingly, the hearing set for May 4, 2023, is VACATED.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

Plaintiff worked as a non-exempt, hourly employee for defendant 9W Halo Western OpCo L.P. dba Angelica ("Angelica") from approximately November 9, 2017, to May 6, 2019.  Third Amended Complaint ("TAC") ¶ 26.  Plaintiff alleges that defendants, as employers,

> (1) failed to provide him and all other similarly situated individuals with meal periods;
> (2) failed to provide them with rest periods;
> (3) failed to pay them premium wages for missed meal and/or rest periods;
> (4) failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

      (5) failed to pay them at least minimum wage for all hours worked;
      (6) failed to pay them overtime wages at the correct rate;
      (7) failed to pay them double time wages at the correct rate;
      (8) failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;
      (9) failed to pay them for all vested vacation pay;
      (10) failed to reimburse them for all necessary business expenses;
      (11) failed to provide them with accurate written wage statements; and
      (12) failed to pay them all of their final wages following separation of employment.

TAC ¶ 1.

      Plaintiff alleges that defendants 9W Halo Parent LLC, KKR ILP LLC, KKR-VRS Credit Partners L.P., 9W Halo Holdings L.P., 9W Halo GP LLC, 9W Halo Intermediate L.P., and 9W Halo OPCO L.P. (collectively "Halo Entities") owned, operated, and controlled Angelica.  TAC ¶ 26.  Plaintiff alleges, "[u]pon information and belief," that the defendants besides Angelica became "joint employers" of plaintiff after they acquired substantially all of Angelica's assets on June 30, 2017.  TAC ¶¶ 26, 28.  Further, plaintiff alleges that, "[u]pon information and belief, the Halo Entities control the operations of [Angelica] such that they have the ability to control the working conditions of Plaintiff and the putative class, the wages that they are paid, and the hours that they work."  TAC ¶ 29.  Plaintiff similarly alleges, "[u]pon information and belief, the Halo Entities maintain control of Angelica's assets and liabilities."  TAC ¶ 31.  Finally, plaintiff alleges that, "[u]pon information and belief, the Halo Entities comprise the officers and decision-makers of [Angelica] who violate or cause to be violated provisions of the Industrial Welfare Commission and California Labor Code.  (See Cal. Lab. Code § 558.1(a))."  TAC ¶ 30.

      Plaintiff advances the following eight causes of action under California law against all defendants: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay hourly wages; (4) failure to pay vacation wages; (5) failure to provide accurate written wage statements; (6) failure to timely pay all final wages; (7) unfair competition; and (8) civil penalties under the Private Attorneys General Act ("PAGA").

TAC ¶¶ 62–165.

Procedural History

Plaintiff initiated this lawsuit in state court on February 18, 2020. In the original complaint, plaintiff advanced the first seven claims presented here. Defendant removed the case to federal court on March 30, 2020. Dkt. 1. Plaintiff filed his first amended complaint adding the eighth cause of action for violation of PAGA against defendant on April 17, 2020. Dkt. 12.

On April 6, 2022, plaintiff filed a second amended complaint ("SAC") adding KKR & Co. Inc. ("KKR") as a defendant and asserting all eight of his causes of action against KKR under a joint employer theory. Dkt. 60. On April 14, 2022, KKR filed a motion to dismiss because, among other reasons, plaintiff failed to allege facts sufficient to establish that KKR was a joint employer. Dkt. 63. By order dated June 3, 2022, the court granted KKR's motion to dismiss without leave to amend because the parties agreed, and evidence showed, that KKR was not the entity that acquired Angelica—it thus could not be held liable as a joint employer. Dkt. 80. However, the court stated that dismissal was "without prejudice to plaintiff seeking to amend the complaint should discovery reveal another entity that could plausibly be alleged to have been plaintiff's joint employer along with Angelica." Dkt. 80 at 2.

Plaintiffs moved to amend the pleading and add six new defendants after taking some depositions of Angelica's persons most knowledgeable regarding the entities that own Angelica. Dkt. 90. Defendants resisted the amendment, arguing that some of the entities did not own or partner with Angelica. Dkt. 92. The court granted leave to file the now operative third amended complaint. Dkt. 96.

Angelica answered the TAC. Dkt. 98. Three of the newly added defendants, including 9W Halo Holdings L.P., 9W Halo Parent LLC, KKR-VRS Credit Partners, L.P., and KKR ILP LLC (the "investor defendants"), moved to dismiss the TAC against them based on the lack of factual allegations that they were joint employers with Angelica. Dkt. 101. Plaintiff filed a notice of non-opposition to that motion, acknowledging that the

3

investor defendants were "either limited partners themselves or general partners of a limited partner in the Angelica enterprise." Dkt. 106 at 2. The court granted the unopposed motion to dismiss the investor defendants. Dkt. 109.

The remaining three of the newly added defendants, including 9W Halo OpCo L.P., 9W Halo GP LLC, and 9W Halo Intermediate Holdings L.P. ("partnership defendants"), now separately move for dismissal. The partnership defendants ask the court to dismiss them from the case with prejudice. If the court does not dismiss them entirely, they move for dismissal of the PAGA claim as untimely.

**DISCUSSION**

**A.  Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 558–59 (2007) (citations and quotations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." Id. at 679. Where

1  dismissal is warranted, it is generally without prejudice, unless it is clear the complaint
2  cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir.
3  2005).

**B.   Analysis**

   **1.   Undifferentiated Defendants**

Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them. Fed. R. Civ. P. 8(a)(2). Rule 8 requires a plaintiff to differentiate allegations against multiple defendants. See Dunson v. Cordis Corporation, No. 16-cv-03076-SI, 2016 WL 3913666, at *3 (N.D. Cal. Jul. 20, 2016) (granting motion to dismiss and finding that the complaint was facially insufficient because it lumped both defendants together); see also Manukyan v. Cach, LLC, 2012 WL 6199938, at *3 (C.D. Cal. Dec. 11, 2012) ("A court should dismiss a complaint that makes undifferentiated allegations against multiple defendants, because such a complaint fails to put each defendant on notice of the alleged wrongdoing.")

Here, the TAC is deficient because it fails to differentiate between any of the defendant entities. For example, the TAC only alleges, upon information and belief, "that ANGELICA was owned, operated and controlled by and through the other Defendants," the Halo Entities. TAC ¶ 26. Plaintiff already conceded dismissal of several these entities. Dkt. 106. There does not appear to be any distinction between any of the entities in the TAC, and it is not fully clear why plaintiff resists dismissal of the partnership defendants while he did not oppose dismissal of the investment defendants. Further, the pleading does not explain the partnership defendants' relationship to plaintiff or the putative class, and it does not include any factual contentions of how they exercised control over Angelica, plaintiff's known employer. For this failure to distinguish between the defendants, the partnership defendants must be dismissed.

   **2.   Joint Employer**

To be liable for violations of the California Labor Code, a defendant must be the plaintiff's employer. Martinez v. Combs, 49 Cal.4th 35, 64 (2010). "The joint employer

doctrine recognizes that 'even where business entities are separate, if they share control of the terms or conditions of an individual's employment, both companies can qualify as employers.'" Johnson v. Serenity Transp., Inc., 2016 WL 270952, at *10 (N.D. Cal. Jan. 22, 2016) (quoting Guitierrez v. Carter Bros. Sec. Servs., LLC, 2014 WL 5487793, at *3 (E.D. Cal. Oct. 29, 2014)).  Under the Martinez standard for assessing a joint employer relationship, plaintiff must be able to demonstrate that each partnership defendant was able to "(a) exercise control over the wages, hours or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law employment relationship." Martinez, 49 Cal.4th at 64.  "At the pleadings stage, although the 'plaintiff is not required to conclusively establish that defendants were her joint employers . . . [the plaintiff] must at least allege some facts in support of this legal conclusion.'" Lesnik v. Eisenmann SE, 374 F. Supp. 3d 923, 942 (N.D. Cal. 2019) (citation omitted).

First, Smith does not sufficiently allege that the partnership defendants controlled his wages or hours.  The TAC does not allege that the partnership defendants influenced the amount or manner in which he was paid or that any of the partnership defendants issued his paychecks.  The TAC does not allege that any of the partnership defendants had the power to hire or fire Smith.  Rather, the TAC alleges in conclusory manner that the partnership defendants exercised control over Angelica, which then exercised control over his employment.  This is insufficient to establish a joint employer relationship under the first Martinez test.  Martinez, 49 Cal.4th at 64.

Second, Smith does not allege sufficient facts to suggest the partnership defendants were his joint employer under the "suffer-or-permit" test for similar reasons. Plaintiff does not advance that the partnership defendants had the power to hire, fire, set wages or hours, or tell employees when and where to report to work.  This is insufficient to establish a joint employer relationship under the second Martinez test.  Id.  at 64.

Third, Smith does not allege sufficient facts to find that the partnership defendants are joint employers under the "engage" test.  In this context, "to engage" means to create a common law employment relationship.  Martinez, 49 Cal.4th at 64.  A common law

6

1  employment relationship exists where a party reserves the general right to control the
2  "manner and means" of performing the work at issue.  S.G. Borello & Sons, Inc. v. Dep't
3  of Indus. Relations, 48 Cal.3d 341, 350 (1989).  California courts consider several indicia
4  when evaluating whether an employer-employee relationship exists at common law,
5  including the right to fire the employee at will and:

> (a) whether the one performing the services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principle or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principle or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee.

13  Id. at 350.  The TAC is generally silent as to these factors, especially as to the
14  partnership defendants.  The TAC does not include allegations that the partnership
15  defendants directed or supervised Smith at his worksite.  The TAC alleges that the
16  partnership defendants had the ability to operate and control Smith's working conditions
17  via their control of the Angelica entity (see, e.g., TAC ¶ 29), but it does not allege that the
18  partnership defendants set Smith's pay.  The court therefore finds that plaintiff has failed
19  to allege facts sufficient to establish an employer relationship under the "engage" test.
20  See Futrell v. Payday California, Inc., 190 Cal.App.4th 1419, 1435, (2010) (no common
21  law employment where party unable to hire or fire plaintiff and did not direct or supervise
22  the work).
23      The TAC overall fails to plausibly allege an employment relationship with the
24  partnership defendants under any formulation of California law.  Plaintiff's bare
25  allegations are simply too conclusory to keep the partnership defendants in this case on a
26  joint employer theory.  Plaintiff alleges the partnership defendants' conduct as follows:
27  • "Plaintiff is informed and believes, and thereupon alleges that [Angelica]
28    was owned, operated and controlled by and through the other Defendants,

       Halo Parent, KKR ILP, KKR Credit, Halo Holdings, Halo GP, Halo Intermediate, and Halo OPCO (collectively 'Halo Entities')." TAC ¶ 26.

- "Upon information and belief, the Halo Entities control the operations of [Angelica] such that they have the ability to control the working conditions of Plaintiff . . ." TAC ¶ 29.
- "Upon information and belief, the Halo Entities comprise the officers and decision-makers of [Angelica] . . ." TAC ¶ 30.
- "Upon information and belief," "the Halo Entities acquired substantially all of [Angelica's] assets" and "maintain control of Angelica's assets and liabilities." TAC ¶¶ 28, 31.

These excerpts from the TAC amount to nothing more than formulaic recitations of the elements supporting a legal conclusion. As defendants highlight, the only change from the SAC to the TAC was the substitution of "Halo Entities" for KKR. Dkt. 101-1 at 3–36 (redline comparison of SAC to TAC). These are thus the same substantive allegations Smith advanced against KKR in the SAC, allegations which the court found deficient in the earlier pleading. Dkt. 83 at 17 ("You've asserted this joint employer theory of liability which has a very, very specific test. I don't see the facts that would establish KKR & Company as having had the power to hire and fire employees, to set their work schedules, to control the conditions of employment, to maintain their employment records."). The allegations were deficient to establish a joint employer relationship before, and they remain deficient as to the new defendants.

Plaintiff's allegations do not show that any of the entities exercised control over the terms of his employment such that they could be considered joint employers. The allegations are insufficient to plausibly state a claim against these defendants, and they must be dismissed.

### 3. Leave to Amend

Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot "be saved by any amendment." Sparling v. Daou, 411 F.3d 1006, 1013

(9th Cir. 2005) (internal quotation marks omitted). "Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment." Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742 (9th Cir. 2008).

Here, there is evidence that further amendment might not be futile. Plaintiff introduces in support of his opposition brief a deposition transcript and collective bargaining agreements that show there is a relationship between Angelica and defendant 9W Halo OpCo L.P. See Dkt. 110-1. Defendants acknowledge that 9W Halo OpCo L.P.'s corporate name is found on the human resources handbook used by Angelica and certain wage statements, factors that weigh in deciding if it can be held jointly liable. This kind of information in a complaint might go far in plausibly stating a claim that an entity is or was a joint employer of plaintiff, and it is missing from the TAC filed here. Therefore, leave to amend will only be permitted one last time and for only defendant 9W Halo OpCo L.P.

### 4. Relation Back of LWDA Notice

Given plaintiff's failure to plausibly allege joint employer liability for the partnership defendants, it would generally be unnecessary to reach the specific question of whether plaintiff can proceed with his PAGA claim against them. However, as the court has granted leave to amend to one of the partnership defendants and because the parties have repeatedly sparred over the timeliness of plaintiff's amended notice to the California Labor & Workforce Development Agency ("LWDA") and whether the amendment effectively relates back to his original, timely notice, the court thus addresses this issue briefly.

PAGA claims have a one-year statute of limitations. Cal. Labor Code § 340(a). "As California courts have repeatedly recognized, PAGA's pre-filing notice requirement is a mandatory precondition to bringing a PAGA claim." Esparza v. Safeway, Inc., 36 Cal.App.5th 42, 59 (2019), as modified on denial of reh'g (June 28, 2019). However, the "relation back doctrine allows a court to deem an amended complaint filed at the time of an earlier complaint if both complaints rest on the same general set of facts, involve the

9

same injury, and refer to the same instrumentality." Id. at 60 (citing Brown v. Ralphs Grocery Co., 28 Cal.App.5th 824, 841 (2018)).

Defendants argue that plaintiff's PAGA claim must be dismissed because his amendment of the LWDA notice was untimely. Plaintiff's employment terminated on May 6, 2019. TAC ¶ 26. Though plaintiff timely filed the prerequisite LWDA notice before filing the original complaint, plaintiff did not amend his notice letter to the LWDA to include the Halo Entities, including the partnership defendants, as liable parties until December 20, 2022—over three years after his termination. TAC ¶ 23. Defendants reason that the amended LWDA notice is therefore defective, and that plaintiff cannot advance on the PAGA claim against them. Plaintiff counters that the relation back doctrine applies to the amended LWDA notice, relying heavily on Atiqi v. Acclaim Tech. Servs., Inc., No. EDCV1400628VAPSPX, 2015 WL 13914845, at *4 (C.D. Cal. Mar. 26, 2015).

Like plaintiff in this case, the plaintiff in Atiqi amended his earlier LWDA notice as well as the operative complaint to add defendants unearthed through discovery. Atiqi, 2015 WL 13914845, at *1–2. The later-added defendants moved to dismiss the amended complaint for failure to state that they were plaintiffs' joint employers, but the court disagreed—the amended complaint plausibly alleged a joint employment relationship. Id., at *3. Based on that conclusion, the court then reasoned the relation-back doctrine applied because "if the New Defendants were, in fact, in a joint employment relationship with Acclaim, then the first January 2014 letter to Acclaim should have placed them on notice of the alleged wrongs, given the close relationship." Id., at *4. But Smith, unlike plaintiff in Atiqi, has not established that the partnership defendants were his joint employers. Plaintiff's allegations are too conclusory and devoid of factual detail to establish that any of the partnership defendants were his joint employers, as discussed above. The court accordingly finds Atiqi inapplicable based on the current pleading. Importantly, plaintiffs' allegations fall short of showing that the partnership defendants were sufficiently intertwined for the earlier LWDA notice to

10

provide effective notice to them as former employers. The amended LWDA notice therefore does not relate back to Smith's original notice as the claims are currently pleaded, but if plaintiff is able to establish in an amended complaint that one of them is a joint employer and plaintiff specifically establishes that the late-added defendant was effectively put on notice by the original LWDA notice, then the amended LWDA notice will relate back.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion to dismiss. Defendants 9W Halo GP LLC and 9W Halo Intermediate Holdings, L.P. are hereby DISMISSED WITH PREJUDICE; defendant 9W Halo OpCo L.P. is DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave to amend to re-add defendant 9W Halo OpCo L.P. along with further allegations supporting its joint employer status with original defendant 9W Halo Western OpCo L.P. dba Angelica. No other parties and no new claims may be added without leave of court or the consent of defendant. Plaintiff's amended complaint must be filed within 21 days from the date of this order. A redline comparison between the TAC and the next complaint (4thAC) must be filed concurrently.

**IT IS SO ORDERED.**

Dated: April 20, 2023

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge

11