UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| KENNETH C. SMITH,<br>Plaintiff,<br>v.<br>9W HALO WESTERN OPCO L.P., et al.,<br>Defendants. | Case No. 20-cv-01968-AMO<br><br>**ORDER VACATING PRELIMINARY APPROVAL ORDER, DISMISSING CLASS CLAIMS WITHOUT PREJUDICE, AND CLOSING CASE** |

Before the Court is Named Plaintiff Kevin C. Smith's Motion to Decertify Class and Approve Individual Settlement. Dkt. No. 175. In light of the representations regarding the Defendants' insolvency set forth in the filing, the class certification order entered March 28, 2025, Dkt. No. 138, is **VACATED**.

Vacatur is further warranted because events occurring since the issuance of the Court's class certification order have shown that (1) Class Counsel is inadequate, having failed to obtain court approval of, or distributed, class notice as required by Rule 23, and having put their own interests in recovering $25,000 in fees and $28,524 in costs, Dkt. No. 175 at 3, ahead of fulfilling their obligations to the certified class, *see Cal Pak Delivery, Inc. v. United Parcel Serv., Inc.*, 52 Cal. App. 4th 1, 5–6 (1997) (trial court did not abuse its discretion in disqualifying attorney where the attorney "admitted he had offered to sell out his client and the class which the client was seeking to represent for a payment to himself personally of approximately $8 to $10 million dollars."), and (2) Smith is not an adequate class representative, as he has secured a settlement of his individual claims in the amount of $21,475.72, Dkt. No. 175 at 3, with no regard for the interests of the Class. *See Kakani v. Oracle Corp.*, No. C 06-06493 WHA, 2007 WL 1793774, at *10 (N.D. Cal. June 19, 2007) (explaining, in the context of incentive payments, that they "lend

themselves for use as side payments to induce named plaintiffs to go along with sweetheart deals."); *see also* 1 Newberg and Rubenstein on Class Actions § 3:77 (6th ed.) ("[O]ne of the class representative's functions is to monitor class counsel so as to ensure that counsel does not accept a relatively weak class recovery in return for the promise of a large fee[.]"). There no longer being adequate counsel or an adequate representative for the Class, the class claims are hereby **DISMISSED WITHOUT PREJUDICE.** Smith's claims are **DISMISSED WITH PREJUDICE** pursuant to the terms of his settlement agreement with Defendants. This Court does not retain jurisdiction to entertain any disputes that may arise with respect to that private agreement.

The Clerk shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: October 5, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

United States District Court
Northern District of California